**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEANNE HERRINGTON,

                Petitioner,

v.                                         Case No. 10-14166

MILLICENT WARREN,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.  INTRODUCTION**

Michigan prisoner Jeanne Herrington has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her state criminal proceedings.  Petitioner pleaded guilty to two counts of false pretenses—$20,000 or more, Mich. Comp. Laws § 750.218(5)(a), and to absconding or forfeiting bond, Mich. Comp. Laws § 750.199a, in the Jackson County Circuit Court.  She was sentenced to five to ten years' imprisonment on each of the false pretense convictions, and to one year eleven months to four years' imprisonment on the absconding conviction in 2007.

In her pleadings, Petitioner contests the state court's jurisdiction, the validity of the indictments against her, and the factual and legal bases for her convictions.  For the reasons stated, the court concludes that Petitioner has not exhausted her state court remedies and will dismiss without prejudice the petition for a writ of habeas corpus.  The

court will deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.  ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all available state remedies.  *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must first present each issue he or she seeks to raise on habeas review to the state courts.  The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*, 228 F.3d at 681).  The claims must also be presented as federal constitutional issues.  *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met her burden of demonstrating exhaustion of state court remedies.  She admits that she has not pursued a direct appeal of her convictions in the state courts and gives no indication that she has sought other state post-conviction or collateral review.  Petitioner neither alleges nor establishes that she has presented any

of her claims to the state courts for consideration.  She has thus failed to satisfy the exhaustion requirement before seeking federal habeas relief.

Although Petitioner's time for filing a direct appeal of her convictions in the state courts has expired, she has an available state court remedy which must be exhausted before proceeding in federal court: she may pursue a motion for relief from judgment in the state trial and appellate courts.  *See* Mich. Ct. R. 6.502.  Petitioner's claims must be addressed to, and considered by, the state courts in the first instance.  Federal law provides that a habeas petitioner is entitled to relief only if she can show that the state court adjudication of her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  *See* 28 U.S.C. § 2254(d).  The state courts must first be given the opportunity to rule upon Petitioner's claims.  Otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

Before Petitioner may appeal this court's decision to dismiss the petition, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000).  Reasonable jurists could not debate whether the court was correct in its procedural ruling.

### III.  CONCLUSION

For the reasons stated, the court concludes that Petitioner has failed to exhaust state court remedies as to her habeas claims and that she has an available remedy which must be completed in the state courts before seeking federal habeas review. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.  The court makes no determination as to the merits of her claims.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Finally, IT IS ORDERED that Petitioner is DENIED leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).


    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 22, 2010, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-14166.HERRINGTON.DismissHabeasWithoutPrejudice.jmp.ctb.RHC1.wpd